# The State of New Hampshire

## Superior Court

WILLIAM S. MCGRAW, *Clerk*
KAREN K. FRAZIER, Deputy Clerk

Merrimack County Courthouse
163 North Main Street

Concord, NH 03302-2880
(603) 225-5501
www.courts.state.nh.us
TTY/TDD 1-800-735-2964

May 16, 2013

Danielle Pacik, Esq.
Deputy City Solicitor
41 Green St.
Concord, NH 03301

Re: Copart of Connecticut, Inc. v. City of Concord

Docket No.: 217-2013-CV-270

Dear Atty. Pacik:

Notice of Removal having been received, enclosed please find Clerk's Certificate with photocopies of all pleadings filed to date in the above captioned matter.

Very truly yours,

William S. McGraw
Clerk of Court

WSM/cp

Enclosures

cc: Mark H. Puffer, Esq.
    Preti, Flaherty, Beliveau & Pachios, LLP
    57 North Main St.
    PO Box 1318
    Concord, NH 03302-1318

# THE STATE OF NEW HAMPSHIRE

### SUPERIOR COURT

**MERRIMACK, SS.**                                          MAY TERM, A.D. 2013

I, WILLIAM S. McGRAW, Clerk of the Superior Court of the State of New Hampshire for the County of Merrimack, the same being a court of record having a seal, do hereby certify that I am the lawful custodian of the seal, files, records and proceedings of said Court, and also of the files and records of the Supreme Judicial Court, the Court of Common Pleas, the Superior Court of Judicature, the Circuit Court and the Supreme Court, heretofore existing in said State and that I am by law the proper person to make out and certify copies thereof. And I further certify that annexed hereto is a full and true copy of the docket sheet, Verified Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction and all other pleadings filed in the matter of Civil No. 217-2013-CV-270, entitled Copart of Connecticut, Inc. v. City of Concord, entered into the Merrimack County Superior Court on May 16, 2013, and which has been removed to the United States District Court for the State of New Hampshire,



AND IT IS SO CONSIDERED.

In Testimony Whereof, I, in my official capacity, have hereunto set my hand and affixed the seal of said Court, this ..16th................day of ..May..............................A. D., 19..2013.



.......................................... Clerk.

WILLIAM S. MCGRAW

B&B43725

MERRIMACK SUPERIOR COURT

# CASE SUMMARY
## CASE NO. 217-2013-CV-00270

Copart of Connecticut, Inc. v City of Concord

§
§
§
§

Location: **Merrimack Superior Court**
Filed on: **05/16/2013**

---

### CASE INFORMATION

Case Type: **Petition for Injunction**

Case Status: **05/16/2013   Pending**

Case Flags: **PAD Case**

---

### PARTY INFORMATION

|  |  | *Attorneys* |
|---|---|---|
| **Plaintiff** | **Copart of Connecticut, Inc.** | **Puffer, Mark H., ESQ** |
|  |  | *Retained* |
|  |  | 603-410-1500(W) |
| **Defendant** | **City of Concord** |  |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/16/2013 | PAD Case | |
| 05/16/2013 | Petition for Restraining Order<br>Filed by: Attorney Puffer, Mark H., ESQ<br>*Verified Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction* | *Index #1* |
| 05/16/2013 | Proposed Order<br>Filed by: Attorney Puffer, Mark H., ESQ<br>*Proposed Temporary Restraining Order* | *Index #2* |
| 05/16/2013 | Other<br>Filed by: Defendant City of Concord<br>*Civil Cover Sheet (2)* | *Index #3* |
| 05/16/2013 | Notice-Removal to Federal Dist Ct<br>Filed by: Defendant City of Concord<br>*Danielle Pacik, Esq. for City of Concord* | *Index #4* |
| 05/16/2013 | Other<br>Filed by: Defendant City of Concord<br>*Notice of Filing to Clerk of Superior Court and Other Parties of Filing of Notice of Removal* | *Index #5* |

*Printed on 05/16/2013 at 9:41 AM*

UNITED STATES DISTRICT COURT / SUPERIOR COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

2013 MAY 16  AM 8 26

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Copart of Connecticut, Inc., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| City of Concord, | * |
| | * |
| Defendant. | * |

Civil Action No: 1:13-cv-233

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF FILING TO CLERK OF SUPERIOR COURT AND OTHER PARTIES OF FILING OF NOTICE OF REMOVAL

TO:   William McGraw, Clerk
Merrimack County Superior Court
163 North Main Street
P.O. Box 2880
Concord, NH 03302-2880

Mark Puffer
Preti, Flaherty, Veliveau & Pachios, PLLP
57 North Main Street
PO Box 1318
Concord, NH 03302-1318

PEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(b) and 1446, the City of Concord, by and through its attorney, the Office of the City Solicitor, has this date filed a Notice of Removal of the above-entitled in the office of the Clerk of the United States District Court for the District of New Hampshire at Concord, New Hampshire.  A copy of said Notice of Removal is submitted herewith.

Pursuant to 28 U.S.C. § 1446(d), the Superior Court may proceed no further herein unless and until the case is remanded.

Respectfully submitted,

**CITY OF CONCORD**

By Its Attorney,

Dated: May 16, 2013                      /s/ Danielle L. Pacik
                                         Danielle L. Pacik, Bar No. 14924
                                         Deputy City Solicitor
                                         41 Green Street
                                         Concord, New Hampshire 03301
                                         Telephone: (603) 225-8505
                                         Email: dpacik@concordnh.gov

## CERTIFICATE OF SERVICE

I, Danielle L. Pacik, hereby certify that a copy of foregoing has been forwarded on May 16, 2013 to Mark Puffer, Esquire, counsel for Petitioner, and Clerk of Court, Merrimack County Superior Court.

Dated: May 16, 2013                      /s/ Danielle L. Pacik
                                         Danielle L. Pacik, Bar No. 14924

2

UNITED STATES DISTRICT COURT SUPERIOR COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

2013 MAY 16   AM 8 25

```
*************************************
Copart of Connecticut, Inc.,          *
                                       *
         Plaintiff,                    *
                                       *
v.                                     *          Civil Action No: 1:13-cv-233
                                       *
City of Concord,                       *
                                       *
         Defendant.                    *
*************************************
```

## NOTICE OF REMOVAL
## TO UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(b) and 1446, the City of

Concord, by and through its attorney, the Office of the City Solicitor, hereby remove this civil

action to the United States District Court for the District of New Hampshire upon the following

grounds:

1.      This action is being commenced by a Verified Petition for Temporary Restraining

Order, Preliminary Injunction and Permanent Injunction ("Petition") filed on May 16, 2013 in

the Merrimack County Superior Court.  Although the City of Concord has not been formally

served, it received informal notice of this action through counsel for Petitioner on May 15, 2013.

There has been no "process, pleadings, [or] orders" within the meaning of 28 U.S.C. §1446(a)

which have yet been served upon the City of Concord.   However, copies of the petition which

was forwarded to the Office of the City Solicitor on May 15, 2013 are attached hereto.

4.

2.      This civil action is removable under 28 U.S.C. §1441 (b) (Federal Question – 28 U.S.C. § 1331) and 28 U.S.C. §1446 (Procedural for Removal) because Petitioner alleges violations of the federal Commerce Clause.  Exhibit A at ¶18.

3.      The United States District Court for the District of New Hampshire has proper subject matter jurisdiction and venue over the federal law claim in this action.

4.      The time for removal of this action has not expired.

5.      A copy of this Notice of Removal is being sent to Petitioner through its counsel and to the Merrimack County Superior Court.

                                   Respectfully submitted,

                                   **CITY OF CONCORD**

                                   By Its Attorney,

Dated: May 16, 2013                /s/ Danielle L. Pacik
                                   Danielle L. Pacik, Bar No. 14924
                                   Deputy City Solicitor
                                   41 Green Street
                                   Concord, New Hampshire 03301
                                   Telephone: (603) 225-8505
                                   Email: dpacik@concordnh.gov


                         **CERTIFICATE OF SERVICE**

        I, Danielle L. Pacik, hereby certify that a copy of foregoing has been forwarded on May 16, 2013 to Mark Puffer, Esquire, counsel for Petitioner, and Clerk of Court, Merrimack County Superior Court.

Dated: May 16, 2013                /s/ Danielle L. Pacik
                                   Danielle L. Pacik, Bar No. 14924


                                       2

025273

THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS                                                       SUPERIOR COURT
                                                         SUPERIOR COURT
                          Copart of Connecticut, Inc.
                            111 Deer Meadow Road
                          Webster, NH  03303  MAY 16  AM 8 26

                                          v.

                                 City of Concord
                                 41 Green Street
                               Concord, NH  03301

**VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

NOW COMES Copart of Connecticut, Inc., of 111 Deer Meadow Road, Webster, New

Hampshire ("**Copart**"), which hereby seeks a temporary restraining order, preliminary

injunction and permanent injunction against the City of Concord, of 41 Green Street,

Concord, New Hampshire, and in support hereof, states as follows:

**Factual Background**

1.  Copart is a Connecticut corporation which has a principal office address of 4665

    Business Center Drive, Fairfield, California  94534.  The primary business of Copart

    is to take custody of and auction total-loss, salvaged cars for insurers, auto dealers,

    and car rental agencies.  The buyers of such cars are mostly rebuilders, licensed

    dismantlers, and used-car dealers and exporters.  The auctions are conducted via the

    internet.  Copart also provides services such as towing and storage to buyers and

    salvage companies.  Essential to Copart's business are vehicle storage facilities

    located throughout the Northeast.

2.  Copart owns certain real estate located at 111 Deer Meadow Road in Webster, New

    Hampshire, where one of its vehicle storage yards is located.  The vehicle storage

yard is located 0.5 miles from the boundary line between the Town of Webster and the City of Concord, along Deer Meadow Road.

3. Copart purchased the property on Deer Meadow Road by deed from Brenda Lemay et al. which was recorded in the Merrimack County Registry of Deeds at Book 3290, Page 172 on December 27, 2011. Copart opened its Webster vehicle storage yard on or about September 17, 2012.

4. The use of trucks to transport vehicles to and from its vehicle storage yards is essential to Copart's business. Most of Copart's trucks transporting vehicles to its Webster facility originate from south of Concord and enter the Concord/Webster area via U.S. Interstate Route 93 ("I-93").

5. The shortest, safest and most reasonable route to get to Copart's facility in Webster from the south is to take the following routes:

- I-93 to Exit 15;

- then westerly approximately 0.25 miles on U.S. Interstate Route 393 ("I-393");

- then northerly on U.S. Route 3 approximately 4 miles;

- then westerly on City of Concord roads (namely Bog Road, Horse Hill Road and Blackwater Road) to the Webster Town Line;

- then 0.5 miles along Deer Meadow Road to the place of destination.

This route is 13.6 miles from the intersection of I-93 and U.S. Interstate Route 89 ("I-89") in Bow, New Hampshire, just south of the Concord City Line, to Copart's facility in Webster. The above-described route is hereinafter referred to as the "Bog Road Route."

2

5166013.1

Case 1:13-cv-00233   Document 1   Filed 05/16/13   Page 3 of 8

6.  Copart was using the Bog Road Route to transport vehicles to and from its Webster facility without incident until on or about April 12, 2013, when the drivers of the trucks transporting vehicles to and from Copart's Webster facility began to be ticketed by the City of Concord police for using the Bog Road Route. The truckers who transport vehicles to Copart's facilities are independent contractors. Not only can the truckers not afford to pay the fines imposed by the City of Concord, but also the truckers will accumulate points against, and lose, their driver's licenses. As long as the City of Concord is ticketing the truckers for using the Bog Road Route, they will refuse to use said route, even though it is the shortest, safest and most reasonable route to get to Copart's facility in Webster.

## The Concord Truck Route Ordinance

7.  Copart's truckers are being ticketed under §17-6-7 of the City's Code of Ordinances, entitled "Truck Routes in the City of Concord" ("truck route ordinance"). Ordinance §17-6-7(b) sets forth the basic requirement of the City's truck route ordinance, as follows: "All trucks within the City shall be operated only over and along the truck routes herein established and on the other designated streets over which truck travel is permitted."

8.  It is undisputed that the trucks transporting vehicles to and from Copart's Webster facility are "trucks" within the meaning of the City's truck route ordinance.

9.  It is undisputed that I-93, I-393 and U.S. 3 are all either "truck routes" as established under the Concord truck route ordinance, or are included among the "other designated streets over which truck travel is permitted." It is also undisputed that Bog Road, Horse Hill Road, and Blackwater Road are not truck routes or "other designated

streets over which truck travel is permitted" within the meaning of the Concord truck route ordinance.

10. Significantly, §17-6-7(b)(1)(a) contains a **general exception** to the requirement that trucks use only "truck routes herein established" or "other designated streets over which truck travel is permitted." Section 17-6-7(b)(1)(a) provides as follows:

> This section shall not prohibit: . . . the operation of trucks upon any street where necessary to the conduct of business at a destination point, provided streets upon which such traffic is permitted are used until reaching the intersection nearest the destination point.

11. The operation of trucks on Bog Road, Horse Hill Road and Blackwater Road are necessary to the conduct of Copart's business "at a destination point," namely at its vehicle storage yard in Webster. Copart's drivers used streets upon which truck traffic is permitted (namely I-93, I-393 and U.S. Route 3) until they reached the Bog Road/U.S. Route 3 intersection. That intersection is the nearest that one can get to the Webster facility, using streets upon which truck traffic is permitted in Concord.

12. Prior to filing this Petition, Copart through counsel has attempted to resolve this issue with the City of Concord. Copart's efforts include, but are not limited to, a letter to the Deputy City Solicitor dated May 1, 2013, in which Copart set forth its position that use of the Bog Road Route does not violate §17-6-7 of the City's Code of Ordinances and that the Bog Road Route is the shortest, safest and most reasonable route to get to Copart's place of business in Webster.

13. The City, however, has refused to acknowledge the plain meaning of the exception to the City's truck route ordinance contained in §17-6-7(b)(1)(a). The City has also claimed that the operation of Copart's trucks along the Bog Road Route are not "necessary to the conduct of business at" Copart's facility, because there are routes

other than the Bog Road Route which Copart's trucks could travel to get to its Webster facility. Those other routes involve using only interstate highways through Concord (I-93 and/or I-89) and then traveling substantially further along deficient roads through other municipalities.

14. As a temporary measure, and because its drivers refuse to use the Bog Road Route for fear of fines and loss of their driver's licenses, Copart's drivers have recently been using a particular route which involves using only I-93 and I-89 in Concord. That route, one of those suggested by the City, is substantially longer and more dangerous than the Bog Road Route. The Town of Webster is temporarily at least allowing the use of this route to get to Copart's Webster facility, however Town officials have indicated that continued use of the Webster route is contingent upon Copart hiring an engineer to assess the cost of making improvements to 5.2 miles of Webster Town roads (the Webster route) and to assess the cost of making improvements to two bridges that are on that route. The engineering study itself will be costly; the cost of making the contemplated improvements will be exorbitant.

15. The temporary alternate route requires vehicles to travel north on I-89 to Exit 7 in Warner, then to use State routes 103 and 127 to get to Clothespin Bridge Road in Webster, then to use Clothespin Bridge Road to Deer Meadow Road and to approach Copart's facility from the west. That route is 24.3 miles from the intersection of I-93 and I-89 in Bow (as compared to the 13.6 miles for the Bog Road Route). That route also involves travel over roads that are more narrow and winding than the Bog Road Route. That route also involves travelling over bridges which are substantially inferior to the one bridge located along the Bog Road Route in Concord.

5166013.1

16. Other routes suggested by the City are similarly circuitous, dangerous and costly. The Bog Road Route is the shortest, safest and most reasonable route to get to Copart's place of business in Webster.

17. Thus the use of the Bog Road Route is reasonably necessary for Copart to conduct business at its Webster facility and otherwise comes squarely within the exception contained in §17-6-7(b)(1)(a) of the Concord truck route ordinance.

## Discrimination Against Interstate Commerce

18. Upon information and belief, while the City of Concord has been ticketing Copart's drivers, it has not been enforcing its own ordinance against the drivers of other trucks using the Bog Road Route. Thus, assuming *arguendo* that the exception of §17-6-7(b)(1)(a) of the Concord truck route ordinance does not apply so as to allow Copart's drivers to use the Bog Road Route to reach Copart's Webster facility, the City of Concord is discriminating against interstate commerce by enforcing its truck route ordinance only against Copart's drivers.

## Requested Relief

19. Copart seeks a temporary restraining order, preliminary injunction and permanent injunction against the City from enforcing its truck route ordinance against Copart's drivers using the Bog Road Route. There is a strong likelihood that Copart will prevail in this litigation due to the plain meaning of the exception to the City's truck route ordinance contained in §17-6-7(b)(1)(a) thereof.

20. Without an injunction against the wrongful enforcement of the City's truck route ordinance against Copart's drivers, Copart will soon be out of business at its facility in Webster. The damage to Copart will be irreparable, as no suit for damages lies

6

against a municipality's wrongful enforcement of an ordinance, absent some type of bad faith or discriminatory intent.

21. The City of Concord is improperly and unreasonably interpreting its own truck route ordinance to prohibit Copart's drivers from using the Bog Road Route.  Little or no harm will result to the City by granting Copart's temporary relief requested herein.

22. Copart is without an adequate, alternative remedy.  Without the ability to use the Bog Road Route, Copart will soon be out of business at its Webster facility.

WHEREFORE, Copart respectfully requests that this Court:

  A.  Issue a temporary restraining order against the City of Concord, preventing it from wrongful enforcement of its truck route ordinance against Copart's drivers travelling to Copart's facility in Webster;

  B.  Issue a preliminary injunction against the City of Concord, preventing it from wrongful enforcement of its truck route ordinance against Copart's drivers travelling to Copart's facility in Webster;

  C.  Issue a permanent injunction against the City of Concord, preventing it from wrongful enforcement of its truck route ordinance against Copart's drivers travelling to Copart's facility in Webster;

  D.  Award Copart its costs and attorneys' fees; and

  E.  Order such other and further relief as may be just.

Respectfully submitted,

COPART OF CONNECTICUT, INC.
By Its Attorneys
Preti, Flaherty, Beliveau & Pachios, PLLP

Dated:  May 16, 2013          By _____
                                 Mark H. Puffer (NH Bar # 2072)

7

5166013.1

57 North Main Street, P.O. Box 1318
Concord, NH   03302-1318
(603) 410-1500
mpuffer@preti.com

### VERIFICATION

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

    I, Jonathan Merrill, being duly sworn, depose and say that I am the General Manager of the Webster facility of Copart of Connecticut, Inc., that I have read the allegations of the Verified Petition for TRO, Temporary Injunctive and Permanent Injunction, and that they are true to the best of my knowledge, information and belief, based on my own personal knowledge or on information supplied to me by others, which I believe to be true and correct.

                                        _____
                                        Jonathan Merrill, General Manager
                                        (Webster facility)
                                        Copart of Connecticut, Inc.

Subscribed and sworn to this 16th day of May, 2013, before me.

                                        _____
                                        Notary Public / Justice of the Peace
                                        My Commission Expires: _____

8

5166013.1

JS 44 (Rev. 12/12)

Case 1:13-cv-00233   Document 1-3   Filed 05/16/13   Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Copart of Connecticut, Inc.

**DEFENDANTS**
City of Concord

**(b)** County of Residence of First Listed Plaintiff   Merrimack
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Merrimack
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark H. Puffer, Pretri, Flaherty, Beliveau & Pachios, PLLP
57 North Main Street, P.O. Box 1318, Concord, NH 03302
(603) 410-1500

Attorneys *(If Known)*
Danielle L. Pacik, Office of the City Solicitor
41 Green Street, Concord, NH 03301
(603) 225-8505

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☒ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☒ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange |
| | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | | |
| **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | | |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Removal of federal question.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
05/16/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Danielle L. Pacik

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JS 44 (Rev. 12/12)

Case 1:13-cv-00233   Document 1-3   Filed 05/16/13   Page 1 of 2

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Copart of Connecticut, Inc.

**DEFENDANTS**
City of Concord

**(b)** County of Residence of First Listed Plaintiff   Merrimack
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Merrimack
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark H. Puffer, Pretri, Flaherty, Beliveau & Pachios, PLLP
57 North Main Street, P.O. Box 1318, Concord, NH 03302
(603) 410-1500

Attorneys *(If Known)*
Danielle L. Pacik, Office of the City Solicitor
41 Green Street, Concord, NH 03301
(603) 225-8505

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☒ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Removal of federal question.
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
05/16/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/ Danielle L. Pacik

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

THE STATE OF NEW HAMPSHIRE

MERRIMACK, SS                                    SUPERIOR COURT

Copart of Connecticut, Inc.

v.

City of Concord

**TEMPORARY RESTRAINING ORDER**

Plaintiff has filed a Verified Petition in which it seeks to prohibit Defendant from wrongfully enforcing its truck route ordinance against Plaintiff's drivers travelling to Plaintiff's facility in Webster.

Upon consideration of the materials presented, the Court finds and rules as follows:

Defendant shall allow Plaintiff's drivers to travel to Plaintiff's facility in Webster via the Bog Road Route.  Defendant shall not issue tickets to said drivers for violation of the Defendant's truck route ordinance (City Code of Ordinances, §17-6-7).

A temporary restraining order is appropriate as Plaintiff has shown that it has been and will continue to be injured by Defendant's actions by enforcing its truck route ordinance against Plaintiff's drivers using the Bog Road Route.

Such injuries are irreparable because Plaintiff cannot be fully compensated for its damages, as no suit for damages lies against a municipality's wrongful enforcement of an ordinance, absent some type of bad faith or discriminatory intent.  As such, there is no adequate remedy at law available to Plaintiff.

SO ORDERED.

Date: _____, 2013

                                    _____
                                    Presiding Justice

Time: _____

9

5166013.1

THE STATE OF NEW HAMPSHIRE                    025269

MERRIMACK, SS                                          SUPERIOR COURT

Copart of Connecticut, Inc.
111 Deer Meadow Road
Webster, NH  03303

v.

City of Concord
41 Green Street
Concord, NH  03301

SUPERIOR COURT

2013 MAY 16   AM 8 04

**VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

NOW COMES Copart of Connecticut, Inc., of 111 Deer Meadow Road, Webster, New

Hampshire ("**Copart**"), which hereby seeks a temporary restraining order, preliminary

injunction and permanent injunction against the City of Concord, of 41 Green Street,

Concord, New Hampshire, and in support hereof, states as follows:

**Factual Background**

1.   Copart is a Connecticut corporation which has a principal office address of 4665

Business Center Drive, Fairfield, California  94534.  The primary business of Copart

is to take custody of and auction total-loss, salvaged cars for insurers, auto dealers,

and car rental agencies.  The buyers of such cars are mostly rebuilders, licensed

dismantlers, and used-car dealers and exporters.  The auctions are conducted via the

internet.  Copart also provides services such as towing and storage to buyers and

salvage companies.  Essential to Copart's business are vehicle storage facilities

located throughout the Northeast.

2.   Copart owns certain real estate located at 111 Deer Meadow Road in Webster, New

Hampshire, where one of its vehicle storage yards is located.  The vehicle storage

1

yard is located 0.5 miles from the boundary line between the Town of Webster and the City of Concord, along Deer Meadow Road.

3. Copart purchased the property on Deer Meadow Road by deed from Brenda Lemay et al. which was recorded in the Merrimack County Registry of Deeds at Book 3290, Page 172 on December 27, 2011.  Copart opened its Webster vehicle storage yard on or about September 17, 2012.

4. The use of trucks to transport vehicles to and from its vehicle storage yards is essential to Copart's business.  Most of Copart's trucks transporting vehicles to its Webster facility originate from south of Concord and enter the Concord/Webster area via U.S. Interstate Route 93 ("I-93").

5. The shortest, safest and most reasonable route to get to Copart's facility in Webster from the south is to take the following routes:

- I-93 to Exit 15;

- then westerly approximately 0.25 miles on U.S. Interstate Route 393 ("I-393");

- then northerly on U.S. Route 3 approximately 4 miles;

- then westerly on City of Concord roads (namely Bog Road, Horse Hill Road and Blackwater Road) to the Webster Town Line;

- then 0.5 miles along Deer Meadow Road to the place of destination.

This route is 13.6 miles from the intersection of I-93 and U.S. Interstate Route 89 ("I-89") in Bow, New Hampshire, just south of the Concord City Line, to Copart's facility in Webster.  The above-described route is hereinafter referred to as the "Bog Road Route."

2

6. Copart was using the Bog Road Route to transport vehicles to and from its Webster facility without incident until on or about April 12, 2013, when the drivers of the trucks transporting vehicles to and from Copart's Webster facility began to be ticketed by the City of Concord police for using the Bog Road Route. The truckers who transport vehicles to Copart's facilities are independent contractors. Not only can the truckers not afford to pay the fines imposed by the City of Concord, but also the truckers will accumulate points against, and lose, their driver's licenses. As long as the City of Concord is ticketing the truckers for using the Bog Road Route, they will refuse to use said route, even though it is the shortest, safest and most reasonable route to get to Copart's facility in Webster.

**The Concord Truck Route Ordinance**

7. Copart's truckers are being ticketed under §17-6-7 of the City's Code of Ordinances, entitled "Truck Routes in the City of Concord" ("truck route ordinance"). Ordinance §17-6-7(b) sets forth the basic requirement of the City's truck route ordinance, as follows: "All trucks within the City shall be operated only over and along the truck routes herein established and on the other designated streets over which truck travel is permitted."

8. It is undisputed that the trucks transporting vehicles to and from Copart's Webster facility are "trucks" within the meaning of the City's truck route ordinance.

9. It is undisputed that I-93, I-393 and U.S. 3 are all either "truck routes" as established under the Concord truck route ordinance, or are included among the "other designated streets over which truck travel is permitted." It is also undisputed that Bog Road, Horse Hill Road, and Blackwater Road are not truck routes or "other designated

3

streets over which truck travel is permitted" within the meaning of the Concord truck
route ordinance.

10. Significantly, §17-6-7(b)(1)(a) contains a **general exception** to the requirement that
trucks use only "truck routes herein established" or "other designated streets over
which truck travel is permitted."  Section 17-6-7(b)(1)(a) provides as follows:

> This section shall not prohibit: . . . the operation of trucks upon any
> street where necessary to the conduct of business at a destination
> point, provided streets upon which such traffic is permitted are
> used until reaching the intersection nearest the destination point.

11. The operation of trucks on Bog Road, Horse Hill Road and Blackwater Road are
necessary to the conduct of Copart's business "at a destination point," namely at its
vehicle storage yard in Webster.  Copart's drivers used streets upon which truck
traffic is permitted (namely I-93, I-393 and U.S. Route 3) until they reached the Bog
Road/U.S. Route 3 intersection.  That intersection is the nearest that one can get to the
Webster facility, using streets upon which truck traffic is permitted in Concord.

12. Prior to filing this Petition, Copart through counsel has attempted to resolve this issue
with the City of Concord.  Copart's efforts include, but are not limited to, a letter to
the Deputy City Solicitor dated May 1, 2013, in which Copart set forth its position
that use of the Bog Road Route does not violate §17-6-7 of the City's Code of
Ordinances and that the Bog Road Route is the shortest, safest and most reasonable
route to get to Copart's place of business in Webster.

13. The City, however, has refused to acknowledge the plain meaning of the exception to
the City's truck route ordinance contained in §17-6-7(b)(1)(a).  The City has also
claimed that the operation of Copart's trucks along the Bog Road Route are not
"necessary to the conduct of business at" Copart's facility, because there are routes

other than the Bog Road Route which Copart's trucks could travel to get to its Webster facility.  Those other routes involve using only interstate highways through Concord (I-93 and/or I-89) and then traveling substantially further along deficient roads through other municipalities.

14. As a temporary measure, and because its drivers refuse to use the Bog Road Route for fear of fines and loss of their driver's licenses, Copart's drivers have recently been using a particular route which involves using only I-93 and I-89 in Concord.  That route, one of those suggested by the City, is substantially longer and more dangerous than the Bog Road Route.  The Town of Webster is temporarily at least allowing the use of this route to get to Copart's Webster facility, however Town officials have indicated that continued use of the Webster route is contingent upon Copart hiring an engineer to assess the cost of making improvements to 5.2 miles of Webster Town roads (the Webster route) and to assess the cost of making improvements to two bridges that are on that route.  The engineering study itself will be costly; the cost of making the contemplated improvements will be exorbitant.

15. The temporary alternate route requires vehicles to travel north on I-89 to Exit 7 in Warner, then to use State routes 103 and 127 to get to Clothespin Bridge Road in Webster, then to use Clothespin Bridge Road to Deer Meadow Road and to approach Copart's facility from the west.  That route is 24.3 miles from the intersection of I-93 and I-89 in Bow (as compared to the 13.6 miles for the Bog Road Route).  That route also involves travel over roads that are more narrow and winding than the Bog Road Route.  That route also involves travelling over bridges which are substantially inferior to the one bridge located along the Bog Road Route in Concord.

5166013.1

16. Other routes suggested by the City are similarly circuitous, dangerous and costly. The Bog Road Route is the shortest, safest and most reasonable route to get to Copart's place of business in Webster.

17. Thus the use of the Bog Road Route is reasonably necessary for Copart to conduct business at its Webster facility and otherwise comes squarely within the exception contained in §17-6-7(b)(1)(a) of the Concord truck route ordinance.

**Discrimination Against Interstate Commerce**

18. Upon information and belief, while the City of Concord has been ticketing Copart's drivers, it has not been enforcing its own ordinance against the drivers of other trucks using the Bog Road Route. Thus, assuming *arguendo* that the exception of §17-6-7(b)(1)(a) of the Concord truck route ordinance does not apply so as to allow Copart's drivers to use the Bog Road Route to reach Copart's Webster facility, the City of Concord is discriminating against interstate commerce by enforcing its truck route ordinance only against Copart's drivers.

**Requested Relief**

19. Copart seeks a temporary restraining order, preliminary injunction and permanent injunction against the City from enforcing its truck route ordinance against Copart's drivers using the Bog Road Route. There is a strong likelihood that Copart will prevail in this litigation due to the plain meaning of the exception to the City's truck route ordinance contained in §17-6-7(b)(1)(a) thereof.

20. Without an injunction against the wrongful enforcement of the City's truck route ordinance against Copart's drivers, Copart will soon be out of business at its facility in Webster. The damage to Copart will be irreparable, as no suit for damages lies

6

against a municipality's wrongful enforcement of an ordinance, absent some type of bad faith or discriminatory intent.

21. The City of Concord is improperly and unreasonably interpreting its own truck route ordinance to prohibit Copart's drivers from using the Bog Road Route.  Little or no harm will result to the City by granting Copart's temporary relief requested herein.

22. Copart is without an adequate, alternative remedy.  Without the ability to use the Bog Road Route, Copart will soon be out of business at its Webster facility.

WHEREFORE, Copart respectfully requests that this Court:

A. Issue a temporary restraining order against the City of Concord, preventing it from wrongful enforcement of its truck route ordinance against Copart's drivers travelling to Copart's facility in Webster;

B. Issue a preliminary injunction against the City of Concord, preventing it from wrongful enforcement of its truck route ordinance against Copart's drivers travelling to Copart's facility in Webster;

C. Issue a permanent injunction against the City of Concord, preventing it from wrongful enforcement of its truck route ordinance against Copart's drivers travelling to Copart's facility in Webster;

D. Award Copart its costs and attorneys' fees; and

E. Order such other and further relief as may be just.

Respectfully submitted,

COPART OF CONNECTICUT, INC.
By Its Attorneys
Preti, Flaherty, Beliveau & Pachios, PLLP

Dated:  May 16, 2013                    By _____
                                            Mark H. Puffer (NH Bar # 2072)

7

5166013.1

57 North Main Street, P.O. Box 1318
Concord, NH   03302-1318
(603) 410-1500
mpuffer@preti.com

## **VERIFICATION**

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

    I, Jonathan Merrill, being duly sworn, depose and say that I am the General Manager of the Webster facility of Copart of Connecticut, Inc., that I have read the allegations of the Verified Petition for TRO, Temporary Injunctive and Permanent Injunction, and that they are true to the best of my knowledge, information and belief, based on my own personal knowledge or on information supplied to me by others, which I believe to be true and correct.

Jonathan Merrill, General Manager
(Webster facility)
Copart of Connecticut, Inc.

Subscribed and sworn to this 16th day of May, 2013, before me.

Notary Public / Justice of the Peace
My Commission Expires: 9/7/17

8

5166013.1